Minimum Mandatory __NO__
Rule 35/5K1.1 __YES__
Appeal Waiver __NO__
Other __NO__

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 606-26 |
| | ) | |
| JULIUS PINKSTON, ET AL. | ) | |

U.S. DISTRICT COURT
Southern District of Ga.
Filed In Office
5:00 P.M.
1-8 20 68
Deputy Clerk

## PLEA AGREEMENT - STEPHANIE COLLINS

**DEFENSE COUNSEL**:
G. Brinson Williams, Jr.
Michael C. Garrett

**PRIMARY COUNT / STATUTE CHARGED**:

1 / 21 U.S.C. § 846          Conspiracy to Possess with Intent to Distribute, and to Distribute, 50 Grams or More of Cocaine Base (Crack) and 5 Kilograms or More of Cocaine Hydrochloride (Powder)

**COUNT / STATUTE PLEADING TO**:

1 / 21 U.S.C. § 846          Conspiracy to Possess with Intent to Distribute, and to Distribute, *a quantity* of cocaine base (crack) and *a quantity* of cocaine hydrochloride
**(LESSER INCLUDED OFFENSE OF COUNT ONE)**

**PENALTY**:

1 / 21 U.S.C. § 846          not more than 20 years imprisonment;
a fine of not more than $1,000,000, or both;
at least 3 years supervised release;
$100 special assessment (18 U.S.C. § 3013)

## ELEMENTS

**FIRST:** That two or more persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment; and

**SECOND:** That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

## SUMMARY OF GOVERNMENT'S PROMISES:

- Recommend a 3 level reduction for acceptance of responsibility, provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under U.S.S.G. § 1B1.3;
- Dismiss all other Counts of the Indictment, as applicable;
- Not seek any sentencing enhancements pursuant to 21 U.S.C. § 851;
- That the information the defendant provides to the government concerning his/her unlawful activities, in accordance with § 1B1.8, will not be used against the defendant, nor will it be used in determining the applicable guideline range; and
- Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant, and to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1.

## SUMMARY OF DEFENDANT'S PROMISES:

- Plead guilty to the lesser included offense of Count 1 of the Indictment;
- Acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement; and
- Pay on the date of sentencing any assessments imposed by the Court.

Darrin L. McCullough, Assistant United States Attorney, and the undersigned attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the

2

Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

1. **GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT**

Upon the defendant's entry of a plea of guilty to the lesser included offense of the offense charged in Count 1 of the Indictment, his/her full compliance with all promises made hereinafter as a part of this agreement, and his/her adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

a. Recommend a 3 level reduction for acceptance of responsibility, provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under U.S.S.G. § 1B1.3;

b. Dismiss all other Counts of the Indictment, as applicable;

c. Not seek a sentencing enhancement pursuant to 21 U.S.C. § 851;

d. That any information the defendant provides to the government concerning his/her unlawful activities, in accordance with § 1B1.8, will not be used against the defendant, nor will it be used in determining the applicable guideline range; and

e. Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant.

If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C.

§3553(e) and U.S.S.G. §5K1.1 and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If the defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and Rule 35, Fed.R.Crim.P. and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of sentence.

In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government. If the government files a motion for downward departure pursuant to this agreement, the government reserves the right to either take no position as to the appropriate amount of departure and defer entirely to the Court, or, in its discretion, to make any recommendation it deems appropriate respecting the degree of departure.

If the defendant elects to cooperate, he/she understands that:

i) He/she must at all times give complete, truthful, and accurate evidence and testimony when call upon to do so by the government or another defendant; That the defendant is not called upon by this agreement nor any other to implicate any particular individual as to any particular illegal activity, nor to "make a case" against anyone; That the defendant's potential benefits under this agreement are conditioned solely upon his cooperation and truthfulness, and

are IN NO WAY conditioned upon the outcome of any trial, grand jury, or other proceeding.

ii) THE DEFENDANT FURTHER AGREES AND UNDERSTANDS that if there is any failure to completely fulfill the obligations of this agreement, then the government is thereby released from any commitment to honor its promises hereunder. Thus, should the defendant knowingly give false, incomplete, or misleading testimony or information, or conceal material information, the government will be free to: prosecute the defendant for all violations of the criminal laws the defendant has committed, including those which the defendant disclosed as a part of the defendant's cooperation under this agreement; to use against the defendant in any prosecution or sentencing any statements the defendant made during the course of cooperation under this agreement; to seek and recommend maximum sentences and all applicable sentence enhancements on any conviction obtained; to seek forfeiture of any and all properties subject thereto; and to prosecute the defendant additionally for perjury, false statement, and obstruction of justice. (If the parties disagree as to whether a breach of this agreement has occurred, the defendant agrees that the matter will be submitted to the court for resolution on a preponderance of the evidence standard, with the moving party bearing the burden of proof.)

**The defendant fully understands that whether or not the sentencing court decides to depart downward below a guideline range or statutory minimum sentence, or reduce the defendant's sentence, as well as the extent of any such downward departure or reduction, is completely within the sentencing court's discretion, and that the Court is not bound to accept any recommendation by the government.**

2. **DEFENDANT'S OBLIGATIONS UNDER THIS AGREEMENT**

The obligations of the defendant under this agreement are as follows:

a.  The defendant is required to **plead guilty** to the lesser included offense of the offense charged in Count 1 of the Indictment;

b.  The defendant agrees to pay the mandatory special assessment of $100 to the U.S. District Court Clerk at or before sentencing; and

c.  The defendant will acknowledge at the time of the plea of guilty the truth of the facts set forth in paragraph 3 herein.

3.  **FACTUAL BASIS**

The defendant understands that Count 1 of the Indictment charges that the defendant did commit an offense against the United States, that is to say, that beginning sometime in, on, or about 2005, the exact date being unknown to the grand jury, and continuing through July 2006, in Candler, Bulloch, Emanuel, Jenkins, and Evans Counties, in the Southern District of Georgia, and elsewhere, the defendants, **JULIUS PINKSTON, STEPHANIE COLLINS, LINWARD SABB, CHARLES WILLIS aka "MONTE," KIMBLEY PINKSTON, HOMER HOLLOWAY, HARRY ALVIN, MISTRELL ALVIN, CECILIA SMITH, BOB AARON MIKELL, LEON PERRY, RAY HUGHES, TONY WILLIAMS, BRENTIS HENDRIX, SAMUEL BROWN, RAMON ANTONIO KELLY, CORY DONALDSON, WILLIE MINCEY, SHEIKEL JAMISON, STEVE GORDON aka "ROCK," BARBARA COLLINS, KRYSTAL COLLINS, JULIA COLLINS, BETTY BACON, NICOLE COLLINS, BRANDON COLLINS, MIKE PINKSTON, JOHNNY PINKSTON, KENNETH GODBEE, CLAUDE LAMAR DAVIS, OTEJIA WILSON, ANDREA FRANKLIN, WILLIE CLAUDE LANIER, ANGELA ROGERS, and JESSICA ROBERTS,** aided and abetted by each other and by other persons both known and unknown,

with some joining the conspiracy earlier and others later, did knowingly and intentionally combine, conspire, confederate, and agree to commit offenses against the United States, to wit: to possess with intent to distribute, and to distribute, 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine hydrochloride (powder), Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2, all done in violation of Title 21, United States Code, Section 846, **<u>and that his/her plea of guilty constitutes proof of the lesser included offense of that count, that is to say, without any drug quantity threshold being alleged for penalty enhancing purposes.</u>**

The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

The defendant further advises the Court that the defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court, and that the U. S. Probation Office will consider <u>all</u> of defendant's conduct related to the offense to which he is

pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.

**The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw his guilty plea.**

4.  **FINES & ASSESSMENTS**

The defendant understands that any assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing.

The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an

honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

5.  **DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT**

   a.  The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the Indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

   b.  The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's

authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

  c. The defendant represents to the Court that the defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered. The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

    This _____ day of _____, 2007.

        EDMUND A. BOOTH, JR.
        ACTING UNITED STATES ATTORNEY


        James D. Durham
        Acting Chief, Criminal Section

        Darrin L. McCullough
        Assistant United States Attorney

I have read the foregoing Plea Agreement, consisting of _____ pages, including this one, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

*Stephanie Collins*
Stephanie Collins
Defendant

*Michael C. Garrett*
Attorney for the Defendant

*G. Brinson Williams*
G. Brinson Williams, Jr.

9/24/07
Date

11

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

1/8/08

_____
JUDGE, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA